AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 06 2012
JAMES W. McCORMACK, CLERK
By: DEP CLERK

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

UNITED STATES OF AMERICA
v.
STEPHEN P. MCDANIEL

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:08CR00387-01 BSM

USM Number: 19347-077

Les Ablondi & William T. Finnegan
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 5s of the Indictment

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2320(a) | Trafficking in Counterfeit Goods, a Class C Felony | 5/25/2008 | 5 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) 1s-4s and 6s-40s ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/2/2012
Date of Imposition of Judgment

Signature of Judge

Brian S. Miller U. S. District Judge
Name and Title of Judge

7-6-12
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: STEPHEN P. MCDANIEL
CASE NUMBER: 4:08CR00387-01 BSM

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

a ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: STEPHEN P. MCDANIEL
CASE NUMBER: 4:08CR00387-01 BSM

# PROBATION

The defendant is hereby sentenced to probation for a term of :

THIRTY-SIX (36) MONTHS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page 4 of 7

DEFENDANT: STEPHEN P. MCDANIEL
CASE NUMBER: 4:08CR00387-01 BSM

## ADDITIONAL PROBATION TERMS

1. The defendant shall disclose financial information upon request of the U.S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit shall be established without prior approval of the U.S. Probation Office until all criminal penalties have been satisfied.

2. Restitution is mandatory and is payable during probation. During probation, the defendant will pay 10 percent per month of the defendant's gross monthly income. The interest requirement is waived.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: STEPHEN R. MCDANIEL
CASE NUMBER: 4:08CR00387-01 BSM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ DEFERRED |

X The determination of restitution is deferred until 9/4/12 . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X the interest requirement is waived for the ☐ fine X restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: STEPHEN P. MCDANIEL
CASE NUMBER: 4:08CR00387-01 BSM

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than ____________, or
☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

During probation, the defendant will pay 10 percent per month of the defendant's gross monthly income. The interest requirement is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

1. One Dell Dimension XPS Computer, SN 3TMZ481; 2. $1,634 in U.S. Currency; 3. Two counterfeit pairs of 7 For All Mankind jeans; 4. One counterfeit Apple Bottoms jacket; 5. Seventy-two counterfeit Apple Bottoms shirts; 6. One counterfeit Apple Bottoms jumpsuit; 7. Six counterfeit pairs of Armani sunglasses;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: STEPHEN P. MCDANIEL
CASE NUMBER: 4:08CR00387-01 BSM

# ADDITIONAL FORFEITED PROPERTY

8. Thirteen counterfeit Baby Milo shirts;
9. Twenty-four counterfeit Baby Milo shirts;
10. Five counterfeit Baby Phat belt buckles;
11. Six counterfeit Baby Phat dresses;
12. One counterfeit pair of Baby Phat jeans;
13. One counterfeit Baby Phat jumpsuit;
14. Four counterfeit Baby Phat long-sleeved shirts;
15. Fifty-four counterfeit Baby Phat medium handbags;
16. One-hundred thirty-four counterfeit Baby Phat shirts;
17. Five counterfeit Baby Phat sweat suits;
18. Nine counterfeit Baby Phat skirts;
19. Thirteen counterfeit Baby Phat tank tops;
20. Thirty-three counterfeit Bape hoodies;
21. Five counterfeit Bape shirts;
22. Eighty-two counterfeit pairs of Bape shoes;
23. Five counterfeit Bape sweat shirts;
24. One-hundred five counterfeit Billionaire Boys Club shirts;
25. Twenty counterfeit Burberry hats;
26. Fifty-three counterfeit Burberry large handbags;
27. Two-hundred eighty-nine counterfeit Burberry medium handbags;
28. Ten counterfeit Burberry small handbags;
29. Four counterfeit Chanel medium handbags;
30. Three counterfeit Chanel shirts;
31. Nine counterfeit Chanel small handbags;
32. Sixty-eight counterfeit Chanel wallets;
33. Eighteen counterfeit Christian Dior belts;
34. Eleven counterfeit Coach backpacks;
35. Fifty-five counterfeit Coach hats;
36. Four counterfeit Coach large handbags;
37. Five-hundred thirty-six counterfeit Coach medium handbags;
38. Forty-one counterfeit Coach small handbags;
39. One counterfeit pair of Coach sunglasses;
40. Forty-six counterfeit Coach wallets;
41. Twenty-eight counterfeit Coach shoes;
42. Eight counterfeit Coogi golf shirts;
43. Fifteen counterfeit Coogi hoodies;
44. Three-hundred thirty-three counterfeit pairs of Coogi jeans;
45. Eight-hundred sixteen counterfeit Coogi shirts;
50. One counterfeit pair of Coogi shorts;
51. Nine counterfeit Coogi sweat shirts;
52. One counterfeit Coogi sweat suit;
53. Ten counterfeit Dolce & Gabbana large handbags;
54. Forty-eight counterfeit Dolce & Gabbana medium handbags;
55. Three counterfeit Dolce & Gabbana metal labels;
56. Fifty-eight counterfeit Dolce & Gabbana small handbags;
57. One counterfeit Dooney & Bourke large handbag;
58. Three counterfeit Dooney & Bourke medium handbags;
59. Six counterfeit Dooney & Bourke small handbags;
60. Thirty-four counterfeit Ecko shirts;
61. One-hundred thirty-nine counterfeit Ecko Red shirts;
62. Fifty-one counterfeit Ed Hardy hats;

SEE NEXT PAGE

UNITED STATES OF AMERICA vs STEPHEN P. MCDANIEL
EASTERN DISTRICT OF ARKANSAS

4:08cr00387-01 BSM

**ADDITIONAL FORFEITURE PROPERTY**

63. One counterfeit Ed Hardy long-sleeved shirt;
64. Three-hundred eight counterfeit Ed Hardy shirts;
65. Three counterfeit pairs of Evisu;
66. Sixty-seven counterfeit Evisu shirts;
67. One counterfeit pair of Evisu shorts;
68. Eight counterfeit Fendi hats;
69. One counterfeit Fendi shoe;
70. Nineteen counterfeit Fendi shirts;
71. Three-hundred twelve counterfeit FUBU hats;
72. Eight counterfeit Gucci shirts;
73. Five counterfeit Gucci shoes;
74. One counterfeit Gucci wallet;
75. Twenty-two counterfeit Harley Davidson hats;
76. Thirty-two counterfeit Kate Spade medium handbags;
77. Seventy counterfeit Lacoste shirts;
78. Four counterfeit Lacoste sweat shirts;
79. Two counterfeit Lacoste jump suits;
80. One counterfeit Louis Vuitton address book;
81. One counterfeit Louis Vuitton briefcase;
82. Two counterfeit Louis Vuitton jewelry boxes;
83. Two counterfeit Louis Vuitton medium address books;
84. Fifty-nine counterfeit Louis Vuitton medium handbags;
85. One counterfeit Louis Vuitton shirt;
86. One counterfeit Louis Vuitton small address book;
87. Eleven counterfeit Louis Vuitton wallets;
88. One counterfeit LRG athletic jacket;
89. Thirty-two counterfeit LRG golf shirts;
90. One counterfeit LRG hoodie;
91. Three-hundred four counterfeit pairs of LRG jeans;
92. Thirty-three counterfeit LRG shirts;
93. Forty-four counterfeit pairs of Nike Air Force Ones;
94. Thirty-four counterfeit pairs of Nike Air Jordans;
95. Four counterfeit pairs of Nike Air Max;
96. Seven counterfeit Nike belt buckles;
97. One counterfeit Nike fleece shirt;

UNITED STATES OF AMERICA vs STEPHEN P. MCDANIEL
EASTERN DISTRICT OF ARKANSAS

4:08cr00387-01 BSM

98. Seventy-five counterfeit Nike hats;
99. Thirty-eight counterfeit Nike shirts;
100. Four counterfeit pairs of Nike shoes;
101. Four counterfeit Nike visors;
102. Two-hundred forty counterfeit Oakley cloth sunglass cases;
103. One counterfeit Polo Ralph Lauren hat;
104. Eighty counterfeit Polo Ralph Lauren shirts;
105. Twenty-eight counterfeit Polo Ralph Lauren visors;
106. Eleven counterfeit Prada large handbags;
107. Forty-two counterfeit Prada medium handbags;
108. Eight counterfeit Prada small handbags;
109. One counterfeit Rocawear belt buckle;
110. Three counterfeit Rocawear dog tags;
111. One counterfeit pair of Rocawear jeans;
112. Seven counterfeit Rocawear long-sleeved shirts;
113. One-hundred thirty counterfeit Rocawear shirts;
114. Twenty-eight counterfeit Rolex oyster boxes;
115. Two counterfeit Rolex watches;
116. One counterfeit Tag Heuer watch;
117. Two-hundred forty-one counterfeit Tommy Hilfiger hats;
118. Forty-three counterfeit Tommy Hilfiger visors;
119. One counterfeit pair of True Religion jeans; and
120. Seven counterfeit Versace shirts.